## SIMPSON *v.* EARLE.

An action by the payee against the makers of a promissory note which states on its face that it was given for rent, is in order for judgment at the first term of the court. And in declaring upon such a note, it is not essential to the validity of the action that the declaration should expressly aver the relation of landlord and tenant, more especially where no motion to set aside the judgment was made until after the lapse of more than seven years.
May 8, 1891.

Actions. Judgments. Promissory notes. Landlord and tenant. Before Judge GOBER. Cobb superior court. November term, 1890.

Reported in the decision.

J. E. MOZLEY and R. H. EARLE, for plaintiff in error.
CLAY & BLAIR, *contra.*

SIMMONS, Justice.

In November, 1882, a judgment was rendered in favor of John W. Hill against W. R. Root, E. P. Earle and J. H. Simpson, as the joint and several makers of a promissory note which recited that it was given by them to the plaintiff "in consideration of house-rent." The record shows that each of the defendants was duly served, but that they failed to defend, and judgment was rendered against them at the return term of the court. In March, 1890, in an affidavit of illegality filed by Simpson, one of the defendants, to an execution issued upon this judgment, he set up that the court had no jurisdiction to render judgment at the first term after the suit was brought, it not appearing from the record that the relation of landlord and tenant existed between the parties; and because, as a matter of fact, the affiant and E. P. Earle were merely securities for their co-defendant, Root, for a debt contracted prior to the signing of the note. And upon the trial of the

illegality, parol testimony was offered to establish this
fact. The trial judge ruled that the testimony was in-
admissible in so far as it contradicted the note or con-
tract sued on ; and also held that the record introduced
in evidence was of a suit for rent, and a judgment could
be rendered therein at the first term. These rulings
are the grounds of error insisted upon here. It is con-
tended that in a suit for rent, the declaration should in
express terms aver the relation of landlord and tenant.
We do not think this was essential to the validity of
the action. The jurisdiction of the court to render this
judgment at the first term sufficiently appeared when it
was shown that the suit was for rent. The language of
the code is that "judgments upon suits for rent may be
rendered at the first term" (§2288). And the fact that
this was a suit for rent appeared both from the dec-
laration, which stated that the debt was for rent, and
from the note, a copy of which was annexed to the
declaration, and which, as we have seen, recited that it
was given "in consideration of house-rent." The testi-
mony offered to show that the relation of landlord and
tenant did not exist between the defendant, Simpson,
and the plaintiff, and that he was merely a security
upon the note, was properly rejected. The note upon
its face showed that the defendants were jointly and
severally liable as makers; they were sued as such, and
after due and legal notice judgment was rendered
against them as such. They had three years in which
to move to set aside this judgment (Code, §2914a), but
so far as appears, no attack was made upon it until
more than seven years had elapsed. It is clear that
after the lapse of this time, the defendant could not,
upon an affidavit of illegality, come into court and by
parol testimony contradict or vary the terms of his
written contract and go behind a judgment thereon in
all respects valid on its face.        *Judgment affirmed.*